

United States District Court
Augusta Ga

Clerk of the Court

I contacted you in August, 2025 to obtain clarification on whether my Federal sentence was to run concurrently with my state sentence. You sent me Document 405 filed on 08/28/25, stating it was to run concurrent, which I've attached a copy of it with this letter.

I also followed the courts instruction of exhausting my administrative remedies. I received a letter today from the "Bureau of prisons". Stating they have contacted the Federal sentencing court and that the court said that the federal sentence should run consecutively.

Sir, I am not questioning the court I'm just trying to get an understanding whether the (B.O.P) has made a mistake because the courts order from August, 2025 clearly states the court's intentions were to run the sentence concurrent.

Furthermore, the court had the authority to run my federal sentence concurrent with any sentence with any form of imprisonment imposed from my pending state case. Setser v. United States, 566 U.S. 231, 237 (2012), The United States Supreme court held that the authority to order a federal sentence concurrent or consecutive to a yet-to-be-imposed stste sentence rests with the federal sentencing court.

"Would the court please document 405 still stands as ordered on 08/28/2025" Any help the court could give me in regards to this would be appreciated.

Respectfully, yours,

Timothy Reid 10884-021
Federal Correctional complex
Coleman low
PO Box 1031
Coleman Fla 33521

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                               *

     v.                          *      CR 119-113-04

                                   *

TIMOTHY DALE REID           *

## O R D E R

On October 20, 2021, this Court sentenced Defendant Timothy Dale Reid upon his plea of guilty to possession of a stolen firearm to serve 78 months imprisonment followed by three years of supervised release. With respect to his custodial sentence, the Judgment and Commitment Order states that the 78 months should be "served concurrently with any term of imprisonment imposed in the related Columbia County and Richmond County cases." (Doc. 337, at 2.)

At present, Defendant has filed a motion for clarification of his federal sentence, specifically asking the Court to "expedite" a statement of intent on whether the federal sentence is to run concurrently with his state sentence. (Doc. 403.) Because, however, the Judgment and Commitment Order unequivocally states the Court's intentions, Defendant's motion is **DENIED AS MOOT**.

To the extent the Bureau of Prisons ("BOP") has improperly calculated the length of Defendant's federal incarceration because of a failure to consider the Court's statement of intent in the Judgment and Commitment Order, any judicial challenge thereto must be brought under 28 U.S.C. § 2241, after exhaustion of administrative remedies, in the district of *confinement* rather than in the sentencing court. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Accordingly, to the extent Defendant wishes to challenge the BOP's federal sentence calculation, he must file his § 2241 petition in the Middle District of Florida, which has territorial jurisdiction over the facility in which Defendant is presently incarcerated.

ORDER ENTERED at Augusta, Georgia, this 28th day of August, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2

Timothy Reid 10884-021
Federal Correctional Complex
Coleman Low
PO Box 1031
Coleman Fla 33521



TAMPA FL 335
SAINT PETERSBURG FL
9 MAY 2026 PM 6
FOREVER / USA

United States District Court
Clerk of the Court
PO Box  1130
Augusta  GA  30903

30903-113030